***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted May 23, affirmed June 22, 2023

CLACKAMAS COUNTY JUSTICE COURT,
*Plaintiff-Respondent,*

*v.*

Jeoffrey CHAN,
*Defendant-Appellant.*

Clackamas County Circuit Court
21VI49384; A177167

Susie L. Norby, Judge.

Blake Doré argued the cause for appellant. Also on the brief was Doré Law Firm, LLC.

Robert C. Hansler, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General.

Before Tookey, Presiding Judge, and Kamins, Judge, and Hadlock, Judge pro tempore.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment finding him guilty of the offense of violating a speed limit, ORS 811.111. He raises two assignments of error, both challenging different aspects of the trial court's decision to admit into evidence the radar measurement of his speed. In the first assignment of error, he contends that the trial court erred in determining that the officer was an expert under OEC 702 in "identifying speeds." The second assignment of error asserts that the state failed to lay an adequate foundation under OEC 901 to admit the radar measurement because of a lack of evidence concerning the radar equipment's calibration. We affirm.

We reject defendant's first assignment of error, because the officer did not need to be an expert in order to read the radar measurement into evidence. If a technique is scientifically valid, the proponent "need not introduce expert foundational testimony to demonstrate scientific validity." *State v. O'Key*, 321 Or 285, 293 n 8, 899 P2d 663 (1995); *cf. State v. Branch*, 243 Or App 309, 320, 259 P3d 103, *rev den*, 351 Or 216 (2011) (holding that lidar evidence measuring distance was a "clear case" and as such the state was not required to present foundational evidence as to the science). Defendant does not challenge the scientific validity of radar, and thus any contention that the officer needed to be an expert to testify to the reading of the radar device must fail.[1]

As to the second assignment of error, we conclude that the state laid a sufficient foundation under OEC 901 to admit the radar measurement into evidence. The officer testified that he was trained and passed a course in radar, that he runs checks on the radar device at the beginning and end of every shift, and that he had performed those checks on the day he issued the citation in this case. The officer further testified that he visually estimated defendant's speed to be

---

[1] Defendant's argument that using a radar device in an "untested mode" is not scientifically valid is not a proper challenge to the scientific validity of radar evidence. *See State v. Ray*, 318 Or App 683, 689-90, 509 P3d 171, *rev den*, 370 Or 214 (2022) (weaknesses in a given scientific study, weaknesses in testing methodology, and errors in an expert's analysis do not render scientific evidence invalid).

80 mph, and that he confirmed that estimation by checking his radar gun.[2] That was legally sufficient evidence under OEC 901 to permit the radar measurement to be presented to the factfinder. *See State v. H. D. E.*, 304 Or App 375, 383, 467 P3d 771, *rev den*, 367 Or 220 (2020) ("[U]nder OEC 901, legal sufficiency requires only evidence sufficient to support a finding that the matter in question is what its proponent claims." (Citations and internal quotation marks omitted.)). A lack of additional calibration tests is not enough to raise "authenticity questions so significant that no reasonable person could believe the evidence to be authentic." *State v. Sassarini*, 300 Or App 106, 129, 452 P3d 457 (2019).

Affirmed.

---

[2] Defendant's argument that the officer's visual estimation of defendant's speed should not have been admitted is unpreserved, and we do not consider it.